

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

-----------------------------------x

**LOUIS A. PICCONE**
**Plaintiff,**


v.                                        Civil Docket No. 1: 15CV536
                                                            JCC/TCB


**MICHELE LEE,**
**Director of USPTO,**
              **Defendant,**
**And,**


**WILLIAM COVEY,**
**OED Director of USPTO**
              **Defendant,**


**And,**
**WILLIAM GRIFFIN,**
**Deputy OED Director of USPTO**
              **Defendant,**


**And,**


**DAHLIA GEORGE**
**Staff Attorney of USPTO**
              **Defendant,**
**And,**


**THE UNITED STATES PATENT**
**AND TRADEMARK OFFICE**

              **Defendant,**
**And,**


**JOHN AND JANE DOE 1-5.**
-----------------------------------X

1

## COMPLAINT

As and for his original complaint against each of the above-named

defendants, Plaintiff alleges as follows:

## INTRODUCTORY STATEMENT

1. This is a complaint for improper withholding of agency records under the

   Freedom of information Act and a request for declaratory judgement

   regarding the constitutionality of practices employed by the United States

   Patent and Trademark Office during the investigation and prosecution of

   practitioners for alleged misconduct. This is also a Bivens action for selective

   prosecution.

## II. JURISDICTION

2. The jurisdiction of this Court is founded upon 5 U.S.C. § 552(a) and the

   Declaratory Judgement Act, 228 U.S.C. § 2201 and 2202 as amended.

3. The jurisdiction of this Court is further founded upon 28 U.S.C. § 1331, as

   amended, and 28 U.S.C. § 1361, as amended.

## III. PARTIES

4. The plaintiff, Louis A. Piccone, is an attorney licensed to practice law in

   Pennsylvania who is also a registered practitioner before the United States

   Patent and Trademark Office ("USPTO").

5. Plaintiff is an attorney in good standing with the Pennsylvania Bar having no

   history of public or private discipline since his licensure in June of 1989.

2

6.    Plaintiff is a registered patent attorney having no history of public or private discipline since his admission in 1997.

7.    In 2008, Plaintiff began to handle a series of state and federal court cases seeking to challenge the child custody laws in the several states and to vindicate the rights of innocent parents who had legal and physical custody of their children illegally removed by various state Child Protective Services ("CPS") agencies.

8.    Plaintiff agreed to represent all of the victims of unauthorized CPS actions at no cost (Pro Bono Publico) during related state proceedings.

9.    To date Plaintiff has not received any compensation for the massive amounts of time which he spent aiding Americans seeking to vindicate their rights to raise their children without government interference absent evidence of abuse or neglect.

10.    On December 10, 2014, the United States Patent and Trademark Office filed a complaint alleging that in connection with his aid to indigent parent's to obtain custody of their illegally removed children from a state CPS agency, Plaintiff engaged in, among other things, the unauthorized practice of law.

11.    Plaintiff believes the prosecution is baseless, and politically motivated to prevent or impede Plaintiff's ability to participate in his legitimate right to petition government to address grievances in the child welfare system.

12. On September 15, 2014, Plaintiff submitted a Freedom of Information Act ("FOIA") Request under 5 U.S.C. § 552(a) to obtain documents concerning the USPTO investigation of Plaintiff's conduct.

13. The USPTO responded to Plaintiff's request on October 20, 2014, with some documents, but failed to turn over all documents which Plaintiff requested.

14. Moreover, the USPTO failed to produce the "reasonably segregable" portions of documents withheld under one or more exemptions to the FOIA.

15. The USPTO also failed to produce a "Vaughn" index identifying all documents which the USPTO had withheld.

16. Among the documents which the USPTO failed to produce was any grievance from anyone outside the USPTO complaining about Plaintiff's aid to pro se indigent litigants.

17. On November 10, 2014, Plaintiff appealed the denial of his FOIA request and requested those reasonably segregable sections of withheld documents and a "Vaughn" index those documents withheld from production.

18. On December 10, 2015, the USPTO denied Plaintiff's appeal under FOIA, the same date, the complaint initiating disciplinary action against Plaintiff was filed.

19. Plaintiff has exhausted all of his administrative remedies and this matter is ripe for appeal to a United States District Court.

20. Plaintiff has a liberty interest in maintaining his status as a practitioner before the Patent and Trademark Office so that Plaintiff can pursue his chosen profession.

21. The regulations promulgated by the USPTO to govern contested allegations of professional misconduct are inconsistent with the statute's governing the USPTO's conduct in such matters and deny Plaintiff due process of law.

22. For example, under 35 U.S.C. § 2 (b) titled "specific powers" the United States Congress, duly elected by the American people, gave the USPTO the authority to pass regulations governing the conduct of practitioners before the USPTO:

> The office (2) may establish regulations, **not inconsistent with law**, which: (D) may govern the Recognition and conduct of agents, attorneys or other persons representing applicants or other parties before the office.[emphasis added]

23. The United States Congress also enacted into law it's intention that discovery in any proceedings governing the conduct of practitioners which became "contested cases" would be conducted pursuant to the Federal Rules of Civil Procedure.

24. 35 U.S.C. § 24, states, in part:

> The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

25. Despite the clear meaning of 35 U.S.C. § 24, the USPTO went to the considerable expense of formulating, publishing for public comment, and then promulgating regulations that are not in accordance with law.

26. For example, 37 C.F.R. § 11.52 governing the administrative hearings held to adjudicate allegations of professional misconduct states that "discovery shall not be authorized unless . . . " and then lists numerous restrictive conditions which narrow or prevents the full and fair disclosure of relevant and discoverable information during contested cases before the USPTO, which are obviously inconsistent with the plain meaning of 35 U.S.C. § 24.

27. Another example of a regulation which is inconsistent with law is 37 C.F.R. § 11.51, which states that "depositions may not be taken to obtain discovery" which prevents the full and fair disclosure of relevant and discoverable information during contested cases before the USPTO. This regulation is also clearly inconsistent with the plain meaning of 35 U.S.C. § 24.

28. Plaintiff believes the USPTO is proceeding against him as retaliation for his work petitioning the government for changes in laws in the child welfare area which spread enormous amounts of money to the states.

29. As promulgated the USPTO regulations concerning misconduct can be used to grind a political axe of vengeance or to stop a practitioner from petitioning government as is happening in this case.

30.  The USPTO is clearly selectively prosecuting Respondent as shown by the fact that both the Pennsylvania Disciplinary Board and the Massachusetts Board of bar Overseers are aware of Plaintiff's alleged misconduct, have investigated the alleged misconduct, and have chosen not to prosecute Respondent from engaging in the protected activity.

31.  USPTO personnel, including the OED director are aware of the other entities that are engaging in the same activities for which Plaintiff is being prosecuted, but have chosen to do not investigate or prosecute these entities.

32.  For example, a widely publicized article within intellectual property circles, states:

> The fact that the Patent Office is not stepping up to do something is particularly sad given that some, including one of the biggest actors — LegalZoom — openly advertises that they will prepare legal documents, review them and then file them with the appropriate agencies for the customer.  Sure sounds like the practice of law to me, and flaunting the Rule in a flagrant manner.
>
> But surely LegalZoom can't be saying those things, right?  Here is the relevant text of a LegalZoom commercial on XM radio from August 19, 2010, with emphasis added:
>
> With LegalZoom it is easy to file copyrights, trademarks and even provisional patent applications.  You'll save a bundle of money and hours of tedious work.  Just go online and answer a simple questionnaire and LegalZoom will file the required legal documents.
>
> With respect to trademark applications the **LegalZoom website** says: "We generate your trademark application. We electronically file your application with your approval." So they will carefully review what information you give them, prepare a provisional patent application of trademark application and then file it on your behalf.  How is that not the practice of law?  Incidentally, the aforementioned links are screenshots

> because in the past when I have written about LegalZoom they change their website, at least for a time. All screenshots were taken today, September 15, 2010.

33. LegalZoom, and a wide variety of other such services, are still in business without having gone through any investigation or legal action alleging the unauthorized practice of law by the USPTO and advertises, as of February 6, 2015 that: "We've filed more U.S. trademark applications in 2013 than the top 40 law firms combined".

34. That the USPTO regulations governing contested cases so restrict the rights of a practitioner accused of professional misconduct to make the proceedings decidedly in favor of the USPTO so as to deny such a Practitioner due process of law.

35. Plaintiff is subject to the obviously unlawful regulations of the USPTO without recourse in that neither the Administrative Law Judge who conducts the hearing, nor the Director of the Patent and Trademark Office has the authority to strike the offensive regulations.

36. The flawed regulations are used to investigate and prosecute a substantial number of practitioners each year, and according to their current interpretation, the regulations affect any American who participates in helping another file a patent or trademark application.

37. Plaintiff has standing to sue for declaratory relief by virtue of his being currently charged with alleged misconduct by the Patent and Trademark Office in a matter which has been declared a contested matter before an administrated law judge.

38. Moreover, Plaintiff has standing to bring declaratory judgment actions against the USPTO as he is currently being prosecuted for professional misconduct under the very regulations which he is challenging with this action.

39. Plaintiff seeks declaratory relief regarding a variety of issues including his rights under the procedures currently in use by the USPTO in pursuing what appears to be a political vendetta against him.

## COUNT I
## IMPROPER WITHHOLDING UNDER THE FOIA, 5 USC 552

40. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his first count.

41. The PTO has investigated Plaintiff with regard to Plaintiff's assistance to indigent pro se litigants pursuit of constitutional torts against Government officials in a variety of states, including Iowa, Massachusetts and New Hampshire.

42. During the course of its investigation, the PTO has created, and/or has received, produced or otherwise come into control of documents regarding

plaintiff. These documents are responsive to one or more FOIA requests made by plaintiff.

43. Plaintiff requested all documents relating to his Disciplinary file in a FOIA request.

44. The PTO has improperly withheld documents and has misrepresented what documents are being withheld.

45. The PTO has not provided redacted versions, nor acknowledged the existence of, documents, which are being improperly withheld in bad faith by the PTO in violation of applicable law.

46. The Patent Office and it's component parts, including the Office of Enrollment and Discipline routinely withhold documents responsive to valid FOIA or discovery requests in order to protect the PTO from litigation.

## COUNT II
## VIOLATION OF THE PRIVACY ACT

47. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his second count.

48. The Privacy Act requires that the USPTO maintain accurate information regarding its investigations of practitioners including the date a grievance is received, the source of a grievance and the circumstances surrounding the receipt a grievance.

49. The PTO has failed to maintain accurate information about the Plaintiff in its records in order to prejudice Plaintiff. Moreover, the USPTO has disclosed confidential information regarding the investigation and/or prosecution of Plaintiff to third parties.

50. Plaintiff has already been damaged, and will be damaged further by the PTO's failure to maintain accurate records regarding Plaintiff.

51. The USPTO's conduct was perpetrated in a willful manner with the intention of damaging plaintiff Piccone's career and to cause him emotional distress.

52. Defendants actions have had an adverse effect on plaintiff Piccone's career and mental well being.

53. Defendants violations of the Privacy Act have been repeated and have been performed within the last two years.

## COUNT III
## BIVENS ACTION AGAINST DEFENDANTS
## LEE, COVEY AND GRIFFEN

54. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his second count.

55. Defendants Lee, Covey and Griffen are herein sued in their personal capacities as individuals.

56. Defendant Lee is the Director of the United States Patent and Trademark
    Office, and is the supervisor of each of the other defendants named in this
    Bivens action.

    On information and belief, Defendant Lee has personal knowledge of many of
    the facts of this matter and has deliberately chosen to ignore the intentional
    violation of Plaintiff's civil rights, by Defendants Covey and Griffen.

57. Defendants Lee, Covey and Griffen know that there are a myriad of corporate
    and personal entities within the United States that are engaged in the
    unauthorized practice of law before the Patent and Trademark Office by
    preparing trademark applications for Americans for a fee.

58. Within the twenty six (26) years between his admission to practice law in
    1989 and the present, Plaintiff has filed a total on one (1) Trademark
    application with the Patent and Trademark Office, and, it is for that
    Trademark Application, for which Plaintiff is being prosecuted.

59. The Trademark application forming the basis of the USPTO's prosecution of
    Plaintiff is for a blogsite entitled "LAWLESS AMERICA" which, through
    it's author William Windsor, exposes judicial corruption.

60. At approximately, the same time the USPTO brought ethics charges against
    Plaintiff, William Windsor was incarcerated on what are described as baseless
    criminal charges for violating a protective order by publishing the name of an

individual stalking him. William Windsor has also been denied bail, despite the minor nature of the charges against him and his apparent ability to post up to $100,000 dollars bond.

61. Seven of the eight remaining ethics counts against Plaintiff concern state court matters involving litigation in which Plaintiff was seeking vindication for parents whose children had been illegally removed by a state CPS agency.

62. In fact, many of those counts had already been investigated by at least two the Massachusetts Board of bar Overseers and the Pennsylvania Disciplinary Board, which declined any disciplinary action against Plaintiff.

63. The USPTO's complaint against Plaintiff is selective treatment based upon impermissible considerations including an intent to inhibit or punish the exercise of Plaintiff's freedom of expression and speech, freedom to protest, to deny Plaintiff's friends and "clients" the right to the effective assistance of counsel and access to the courts.

64. Defendants Lee, Covey and Griffen's actions are also based upon a malicious or bad faith intent to injure Plaintiff, for Plaintiff's political beliefs.

65. During the entire period from the initiation of a USPTO investigation of Plaintiff through the present, Plaintiff was entitled to his full liberty interest in being free from bills of attainder and to enjoy his full right to equal protection under the law. With no appropriate authority, the defendants, and each of

them, maliciously and with intent to injure plaintiff, and/or recklessly without

regard to Plaintiff's constitutional rights, unlawfully prevented, impeded, or

otherwise interfered with Plaintiff's constitutional right to free of bills of

attainder and unequal protection under the law, without any right or authority

to do so, and against plaintiff's will.

66. As a direct and proximate result of defendants' acts, plaintiffs, were subjected

to severe mental anguish, emotional distress, and prevented from attending to

his necessary personal affairs and business matters during the period from

approximately March, 2014, to the present.

67. When defendants intruded into plaintiff's personal affairs without reasonable

basis, plaintiff protested and informed defendants verbally, and in writing,

that he had committed no crime or offense and offered to prove that the

allegations against him were baseless.

68. The acts of the defendants, as federal executive branch employees, as

hereinabove set out, deprived plaintiff of the privileges and immunities

guaranteed to them as a citizen of the United States, by Amendments IV and

XIV of the Constitution of the United States.

**COUNT III**
**DECLATORY RELIEF**

69. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his third count.

70. Plaintiff requests declaratory relief by this court issuing a judicial declaration that the publication of a decision by a United States District Court or a United States Court of Appeals of a decision which discloses facts concerning alleged misconduct on behalf of a practitioner, places the USPTO on constructive notice of those facts for purposes of the one year statute of limitations contained in 35 U.S.C. § 32.

## COUNT IV
## DECLATORY RELIEF

71. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his fourth count.

72. Plaintiff requests declaratory relief by this court issuing a judicial declaration that the statement in the Manual of Trademark Examining Procedure stating: "An individual who does not meet the requirements of 37 C.F.R. §11.14 cannot: prepare an application, response, post-registration maintenance document, or other document to be filed in the USPTO;" as overbroad, illegal, unconstitutional and unenforceable.

## COUNT V
## DECLATORY RELIEF

73.  The plaintiff here repleads each of the allegations set forth in all preceding

and all following paragraphs of this his complaint as integral parts of this his

fifth count.

74.  Plaintiff requests declaratory relief by this court issuing a judicial declaration

that all documents which the government may introduce into evidence during

a disciplinary proceeding, are discoverable under the freedom of information

act and/or discovery under 37 C.F.R. including, but not limited to, all

documents making up a practitioners "file of a disciplinary investigation"

listed in 37 C.F.R. 11.50.

## COUNT VI
## DECLATORY RELIEF

75.  The plaintiff here repleads each of the allegations set forth in all preceding

and all following paragraphs of this his complaint as integral parts of this his

sixth count.

76.  Plaintiff requests declaratory relief by this court issuing a judicial declaration

that in disciplinary proceeding where the OED Director shall have the burden

of proving a violation by clear and convincing evidence under 37 C.F.R. §

11.49, a final adjudication in another jurisdiction or federal agency or

program that a practitioner has been guilty of misconduct in which the

evidentiary standing is less than clear and convincing evidence, then the

provisions of 37 C.F.R. § 11.24 stating that such final adjudication shall

establish a prima facie case of misconduct for the purposes of reciprocal

discipline are inapplicable or constitute a violation of due process.

## COUNT VII
## DECLATORY RELIEF

77.  The plaintiff here repleads each of the allegations set forth in all preceding

and all following paragraphs of this his complaint as integral parts of this his

seventh count.

78.  Plaintiff requests declaratory relief by this court issuing a judicial declaration

that the PTO must advise practitioners of the date and circumstances under

which the USPTO is relying upon as the date on which the PTO has learned

of alleged misconduct which is relied upon by the USPTO as triggering the

start of a statute of limitations.

## COUNT VIII
## DECLATORY RELIEF

79.  The plaintiff here repleads each of the allegations set forth in all preceding

and all following paragraphs of this his complaint as integral parts of this his

eighth count.

80. Plaintiff requests declaratory relief by this court issuing a judicial declaration that as to how and when the PTO came to know or suspect an alleged incident of misconduct which cause the investigation of a practitioner are presumptively discoverable and relevant to the analysis of when the statute of limitations periods contained in 35 U.S.C. § 32 begin and end.

## COUNT IX
## DECLATORY RELIEF

81. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his ninth count.

82. Plaintiff requests declaratory relief by this court issuing a judicial declaration that an out of state attorney need not engage local counsel prior to signing a retainer agreement with a client in which the out of state attorney will need to apply for admission pro hac vice to a court to which the out of state attorney is not admitted to practice.

## COUNT X
## DECLATORY RELIEF

83. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his tenth count.

84. Plaintiff requests declaratory relief by this court issuing a judicial declaration that once a disciplinary matter has been declared a contested case, 35 U.S.C. 24 requires that the federal rules of Civil Procedure govern the discovery of documents and the appearance of witnesses.

## COUNT XI
## DECLATORY RELIEF

85. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his eleventh count.

86. Plaintiff requests declaratory relief by this court issuing a judicial declaration that any District Court Local Rule which prohibits an out of state attorney from filing a document which the out of state attorney prepared for a pro se indigent party to federal litigation, and for which the court and opposing party's and their counsel are on notice was prepared by the out of state attorney is illegal, unconstitutional and unenforceable.

87. Plaintiff requests declaratory relief by this court issuing a judicial declaration that the provisions of 37 C.F.R. § 11.52 which state that "discovery shall not be authorized" or which otherwise prevent the full and fair disclosure of relevant and discoverable information during contested cases before the USPTO are inconsistent with the plain meaning of 35 U.S.C. § 24 which

requires that the provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases.

## COUNT XV
## DECLATORY RELIEF

88. The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his fifteenth count.

89. Grant plaintiff declaratory relief by issuing a judicial declaration The provisions of 37 C.F.R. § 11.51 which state that "depositions may not be taken to obtain discovery" or which otherwise prevent the full and fair disclosure of relevant and discoverable information during contested cases before the USPTO are inconsistent with the plain meaning of 35 U.S.C. § 24 which requires that the provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases.

## COUNT XV
## DECLATORY RELIEF

90.  The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his fifteenth count.

91.  Grant plaintiff declaratory relief by issuing a judicial declaration that an attorney employed by a federal agency acting as a prosecutor in an attorney disciplinary action has an affirmative obligation to provide the defense with exculpatory information uncovered during an investigation.

## COUNT XVI
## DECLATORY RELIEF

92.  The plaintiff here repleads each of the allegations set forth in all preceding and all following paragraphs of this his complaint as integral parts of this his fifteenth count.

93.  Grant plaintiff declaratory relief by issuing a judicial declaration that any law denying a practitioner involved in a contested case in the form of a disciplinary proceeding, from using other relevant disciplinary cases denies that practitioner the equal protection of the law.

## JURY DEMAND

94.  Plaintiff requests a jury trial on all issues for which a jury trial is available.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, the plaintiff prays that this court grant him the following relief:

1)   To award to the plaintiff compensatory damages in an amount to be determined at trial.

2)   To award to the plaintiff the costs of his bringing this action, including his reasonable costs and attorneys fees.

3)   To award to the plaintiff punitive damages in an amount to be determined at trial as a deterrent and to punish defendants for their malicious deprivations.

4)   To preliminarily and permanently enjoin PTO employees from contacting clients, friends and associates of plaintiff Piccone about any Piccone matter without the permission of this court.

5)   To stay all disciplinary proceedings pending judgment on the declaratory judgment act requests in this action.

6)   For damages for medical expenses and lost income, past, present, and future; emotional harm; damage to his/her reputation.

7)   For such other and future relief as the court deems just and proper under the circumstances.

Dated:  April 21, 2015                          Respectfully submitted,

                                                Louis A. Piccone
                                                Pro Se
                                                270 Kipling Street
                                                Hawkesbury, Ontario, Canada
                                                K6A-2N2
                                                lpiccone@aol.com
                                                (613) 632-4798