IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| LOUIS A. PICCONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15cv536(JCC/TCB) |
| | ) | |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On December 9, 2014, Plaintiff Louis A. Piccone, ("Plaintiff") filed a motion for reconsideration [Dkt. 42], as well as a motion to retroactively extend his time to file a motion for reconsideration [Dkt. 41]. Plaintiff seeks reconsideration of the Court's October 27, 2015 Order which dismissed Plaintiff's complaint in its entirety [Dkt. 40]. Plaintiff does not specify whether he is bringing his motion for reconsideration pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Regardless of which rule applies, Plaintiff's motion will be denied.

The fact that Plaintiff has filed a motion to extend the time to file his motion for reconsideration suggests that he wishes to proceed pursuant to Rule 59(e). If Plaintiff was seeking review pursuant to Rule 60 of the Federal Rules of Civil

1

Procedure, he would not need to request leave to extend his time to file a motion for reconsideration, as the motion for reconsideration would be filed well within the one year time limit on Rule 60 motions. Fed. R. Civ. P. 60(c). With respect to Rule 59 motions, the Fourth Circuit has held, "[i]t is clear . . . that the district court is without power to enlarge the time period for filing a Rule 59(d) motion." *Alson v. MCI Comm. Corp.*, 84 F.3d 705, 706 (4th Cir. 1996)(citing Fed. R. Civ. P. 6(b)("A court must not extend the time to act under Rules . . . 59(b),(d), and (e) . . .")). In light of this holding and Federal Rule of Civil Procedure 6(b), this Court has no choice but to deny Plaintiff's motion for an extension of time to file his motion to reconsider. The Plaintiff's motion for an extension of time to file will therefore be denied. Likewise, the Plaintiff's motion for reconsideration must be denied if it is considered a motion for reconsideration pursuant to Rule 59(e), as it was filed more than 28 days after the order was entered.

The motion will also be denied if it is interpreted as a Rule 60 motion. The Plaintiff's motion for reconsideration does not invoke any of the valid grounds for relief under Rule 60(b). Plaintiff admits that he seeks reconsideration of the October 27, 2015 order solely on the basis of "previously unavailable sworn testimony of a USPTO employee". (Pl.'s Mot.

for Reconsideration at 1-2.)  However, all of the supposed "previously unavailable" sworn testimony referenced in Plaintiff's motion for reconsideration was given on October 13 or October 14 at the Plaintiff's disciplinary action before the United States Patent and Trademark Office ("USPTO").  Plaintiff then appeared in this court for oral arguments on the motions resolved in the order at issue here on October 15, 2015 [Dkt. 36].  Not only did the supposedly unavailable testimony cited in his motion for reconsideration take place well within the 28 day period during which Plaintiff could have timely filed a motion for reconsideration  pursuant to Rule 59(e), Plaintiff was aware of its existence *before oral argument* on the motions resolved in the November 27, 2015 order.  Plaintiff therefore cannot plausibly maintain that the sworn testimony on which he is relying in his motion for reconsideration "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

        Plaintiff does not make any other arguments in his motion for reconsideration which could possibly be valid grounds for relief under Federal Rule of Civil Procedure 60(b). Moreover, the Court finds that even if the sworn testimony from Plaintiff's disciplinary proceedings at the USPTO had been unavailable at the time of the previous hearing or was not reasonably discoverable in time to file a motion pursuant to

Rule 59, the testimony referenced in Plaintiff's motion for reconsideration would not have affected the court's analysis as described in the Memorandum Opinion of October 27, 2015 [Dkt. 39], nor would it have altered the outcome of the motions resolved at that time.

Accordingly, it is hereby ORDERED:

(1) Plaintiff's Motion to Extend Time to File [Dkt. 41] is DENIED.

(2) Plaintiff's Motion to Reconsider [Dkt. 42] is DENIED;

(3) Plaintiff's Motion for Summary Judgment [Dkt. 43] is DENIED AS MOOT;

(4) Defendant's Motion to Strike [Dkt. 45] is DENIED AS MOOT;

(5) Defendant's Motion for Extension of Time to File Response/Reply as to Plaintiff's Motion for Summary Judgment [Dkt. 47] is DENIED AS MOOT;

(6) Plaintiff has Sixty (60) days from the date of this Order to notice his appeal; and

(7) The Clerk of Court shall forward copies of this Order to all counsel of record, and the Plaintiff, *pro se*.

It is SO ORDERED.

|  |  |
|---|---|
|  | /s/ |
| December 30, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |